ALBERT H. GILMAN *vs.* WARREN INMAN, and Trustees.

Androscoggin.     Opinion November 7, 1892.

*Wages.   Assignment.   Record.   R. S., c. 111, § 6.*

River-drivers are not "commorant" in the respective towns through which they pass while earning wages on a drive of logs; and the assignments of their wages, in order to be valid under R. S., c. 111, § 6, need not be recorded in such towns.

ON EXCEPTIONS.

The case is stated in the opinion.

*Savage and Oakes*, for plaintiff.
*White and Carter*, for claimant.

VIRGIN, J.   Assumpsit on an account annexed for necessaries sold and delivered to the principal defendant. The plaintiff seeks to hold the defendant's wages in the hands of the trustee.

The wages were earned, in the spring of 1891, by the defendant as one of a boat's crew of river-drivers, with camp outfit, upon the trustee's drive which, beginning at Dummer, New Hampshire, moved along down the Androscoggin river, the drivers camping on the shore and ordinarily changing their place of encampment from day to day, and ending in Turner, in this State.

The sum due is claimed by one Johnson, of Veazie, in Penobscot county, by virtue of the defendant's written assignment of his wages, made on April 8, 1891, before they were earned but in contemplation thereof, and recorded the same day by the clerk of the town of Veazie in which the defendant also resided and where his family continued to live while he was earning the wages.

The plaintiff contends that the assignment is not valid because it was not recorded in the respective towns through which he passed and in which he "was commorant while earning the wages."

The word "commorant" has been held to apply to laborers in "logging swamps" and living during the logging season in camps erected and fitted for the purpose. *Wright* v. *Smith*, 74 Maine,

495 ; *Wade* v. *Bessey*, 76 Maine, 413. And to one working by the month, under contractors constructing a railroad, and living for a year or more in a camp near his work. *Pullen* v. *Monk*, 82 Maine, 412. But we are of opinion that the Legislature did not intend to include river-drivers who have no fixed location for any regular seasons, but whose camp is as frequently pitched and struck as soldiers in the army.

The etymological signification implies an abiding or tarrying for some appreciable though temporary duration less than a permanent residence, *Pullen* v. *Monk*, *supra*. The English justices who annually made their circuits through the various counties, were known not as commorant, but "itinerant justices." 1 Steph. Hist. Cr. L. 100. Boatmen on the Erie or Chesapeake and Ohio canals could hardly be called commorants in the various towns through which they labor; nor can brakemen or other trainmen on the large railroads in this State be said to be commorants,— as the Legislature intended that term to be used,— in the various towns in which they earn their wages. We are of opinion therefore that the statute does not apply to this case.

*Exceptions overruled.*

PETERS, C. J., WALTON, LIBBEY, FOSTER and HASKELL, JJ., concurred.